

**ORDERED in the Southern District of Florida on February 6, 2017.**

_John K. Olson, Judge_
_United States Bankruptcy Court_

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                                                                  Case No. 16-18621-JKO
                                                                                           Chapter 13
DANIEL PANSKY,
            Debtor.
_____/

**AGREED ORDER APPROVING AND RATIFYING STIPULATION FOR ENTRY OF AN ORDER GRANTING IN PART AND DENYING IN PART CREDITORS' MOTION FOR STAY RELIEF AND INJUNCTION AND PROVIDING ALTERNATIVE RELIEF**

THIS MATTER having come before this Court on November 29, 2016 upon the Creditors', Barry S. Franklin & Associates, P.A., and Phillips Lanier, PLLC, ("Creditors") Expedited Motion For Relief From The Automatic Stay (the "Motion") [ECF 55, 58][1]. The Court having carefully considered the Motion and the court file; having reviewed the parties' Stipulation, approves and ratifies the Stipulation for Entry of an Order Granting in Part and Denying in Part Creditors' Motion for Stay Relief and Injunction and Providing Alternative Relief and further finds as follows:

1. The Debtor, Daniel Pansky, has the corporate authority to submit Rapid

---

[1] The Creditors' motion [ECF 55] was amended by ECF 58

Realty to the jurisdiction of this Court and to enter in the Stipulation on behalf of Rapid Realty. Therefore, this Court has jurisdiction over Rapid Realty and Rapid Realty is bound by the terms of the Stipulation.

2. The Stipulation was voluntarily entered into by all parties in open court and in writing pursuant to the Notice of Filing Stipulation [ECF #74] ("Stipulation"). Therefore, It is ORDERED as follows:

1. The Stipulation is approved and ratified. The parties are ordered to comply with the terms of the Stipulation and this Order.

2. Rapid Realty is the plaintiff in a lawsuit styled *Rapid Realty Inc v. Bratkovsky, et. al.*, Case No. 2013-032073-CA-01, ("State Court Lawsuit") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court").

3. The Debtor and Rapid Realty shall not transfer, spend, or otherwise dissipate or encumber any proceeds received from settlement or collection of any judgment entered in the State Court Lawsuit. Rapid Realty shall not incur any further debt that would diminish the amounts paid to Creditors if their lien rights were upheld in full. This provision does not preclude the incurring of additional reasonable costs of litigation.

4. Any settlement reached in the State Court Lawsuit shall be subject to bankruptcy court approval.

5. All settlement proceeds or payments of any judgment entered against any defendant in the State Court Lawsuit shall be paid to Moffa & Breuer, PLLC, which funds shall be held in the trust account of Moffa & Breuer, PLLC. The funds shall be deposited into the trust account within 5 days of receipt and held in trust until a court of competent jurisdiction directs the disposition of said funds. In the event that the funds are received by the Debtor and/or Rapid Realty, the funds shall be turned over to Moffa & Breuer, PLLC within 3 days and deposited into the Moffa & Breuer, PLLC trust account within 5 days. Within 24 hours after any final written settlement has been reached, written notice shall be given to the Creditors. Any state court lawyer representing Rapid Realty shall sign this stipulation and agree to be bound by the terms of this Order. This provision shall

survive the dismissal or conversion of this Chapter 13 bankruptcy.

6. The Bankruptcy Court, or if this case is dismissed, another court of competent jurisdiction shall determine the disposition of any settlement proceeds or recovery from any judgment related to the State Court Lawsuit.  This shall include, but not be limited to, the payment of any creditors of Rapid Realty, including their employed professionals, and the adjudication of Creditors' lien rights.  This Stipulation and Order are without prejudice to, and expressly preserve, the claims and/or charging liens of Rapid Realty's attorneys to any litigation or settlement proceeds arising in connection with the State Court Lawsuit.

7. Provided that the case remains a Chapter 13 bankruptcy, Creditors' Stay Relief Motion is denied without prejudice.  However, upon conversion or dismissal of this Chapter 13 bankruptcy case, Creditors shall have immediate stay relief to pursue their state court remedies and the 14 day stay pursuant to Rule 4001(a)(3) is waived.

8. The Creditors and their principals, employees, or agents shall not interfere with nor cause interference with Rapid Realty's pending litigation until a settlement is reached or a trial on its merits occurs and results in a final judgment or further court order. This provision shall not apply if stay relief or the bankruptcy is dismissed or converted. The filing of this Stipulation and Order shall not constitute a violation of this paragraph.

9. Discovery in the Chapter 13 shall be limited for the Creditors to interrogatories and request for production of documents of the Debtor and Maria Kuzina unless the Court schedules an evidentiary hearing on the objection to confirmation at which time the Creditors can take any other discovery including depositions.

10. The terms of paragraphs 5-9 of stipulation and 3-8 of this Order shall be binding and shall survive the dismissal or conversion of this Chapter 13 Bankruptcy.

11. This Court reserves jurisdiction to enforce the terms of this Order and where indicated, the Court retains jurisdiction after dismissal of the bankruptcy.

###

Submitted by:

Alan R. Crane, Esq.
FURR COHEN
2255 Glades Road, Suite 337W
Boca Raton, FL  33431
Telephone:  (561) 395-0500
Facsimile:  (561) 338-7532
E-mail:  acrane@furrcohen.com

**Attorney, Alan R. Crane, is directed to serve a conformed copy of this order on all interested parties and shall file a certificate of service with the Court.**