UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

DANIEL PANSKY,
            Debtor.

Case No. 16-18621-JKO
Chapter 13

_____/

**CREDITORS, BARRY S. FRANKLIN & ASSOCIATES, P.A.,
AND PHILLIPS LANIER, PLLC'S RESPONSE TO MOTION FOR PROECTIVE
ORDER AND MOTION TO TAKE EXAMINATIONS PURSUANT TO B.R. 2004**

Creditors, Barry S. Franklin & Associates, P.A., ("Franklin") and Phillips Lanier, PLLC,

("Phillips"), (together "Creditors") file Creditors Response to Motion for Protective Order and

Motion to take Examinations Pursuant to B.R. 2004, and states as follows:

**BACKGROUND FACTS LEADING UP TO AGREED ORDER APPROVING
AND RATIFYING STIPULATION FOR ENTRY OF AN ORDER GRANTING IN
PART AND DENYING IN PART CREDITORS' MOTION FOR STAY RELIEF
AND INJUNCTION AND PROVIDING ALTERNATIVE RELIEF [ECF # 75]**

1.      Creditors are two separate law firms that represented the Debtor in his dissolution

of marriage case.  Debtor owed both firms attorneys' fees and costs.

2.      Franklin has a Charging Lien Order and Money Final Judgment in Favor of the

Law Firm of Barry S. Franklin & Associates, P.A. Against the Law Firm's Former Client, Daniel

Pansky dated March 14, 2013 in the state court case for the amount of $77,498.66.

3.      Phillips has a Supplemental/Updated Charging Lien Order and Money Final

Judgment in Favor of the Law Firm of Phillips Lanier Against the Law Firm's Former Client,

Danial Pansky dated May 14, 2014 in the state court case for the amount of $35,364.29.

4.      The Notices of Charging Liens were perfected against the Debtor's property prior

to the petition date.  The Creditors have a secured lien on the Debtor's shares of stock in Rapid

Realty. Rapid Realty is owed a commission and may have additional assets. The Debtor lists himself as the 90 percent shareholder of Rapid Realty.

5. Pre-petition, Rapid Realty was involved in a lawsuit styled <u>Rapid Realty Inc. v. Bratkovsky, et al.</u>, Case No. 2013-032073-CA-01, ("State Court Lawsuit") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

6. On September 21, 2016, Franklin filed its Objection to Confirmation of Chapter 13 Plan. [ECF #29]. On November 11, 2016, Phillips filed its Objection to Confirmation of Chapter 13 Plan. [ECF #49]. Creditors asserted that Debtor, a realtor, created a scheme with his girlfriend, Maria Kuzina ("Kuzina"), a realtor and broker, and Kuzina's company, Miami Luxury RE LLC ("Luxury LLC") to defraud creditors. The Debtor and Kuzina reside together. The Debtor engaged in a scheme whereby the Debtor's listings were put into the name of Kuzina and/or Luxury LLC to make it look like that the Debtor was earning little to no funds while Kuzina received the commissions and supported the Debtor.

7. Creditors asserted that they had a security interest in the shares of Rapid Realty. On November 15, 2016, Creditors filed their Expedited Motion for Relief from the Automatic Stay ("Stay Relief Motion"). [ECF # 55 and 58] [1]. If stay relief was granted, then the Creditors could have levied on the stock, voted themselves in as officers and/or directors, and terminated the Debtor, thus controlling the lawsuit, including any settlement negotiations and proceeds. The Debtor contested the Motion for Stay Relief. The amount that Rapid Realty was claiming against the defendant would have paid Creditors in full.

8. At the November 29, 2016, hearing on the Stay Relief Motion, heard before Judge

---

[1] On November 21, 2016, Creditors filed their Expedited Amended Motion for Relief from the Automatic Stay and Waiver of 14 Day Stay.

Raymond Ray, the parties reached an agreement on the record. The agreement was later memorialized into a Stipulation and Agreed Order Granting in Part and Denying in Part Creditors' Motion for Stay Relief and Injunction and Providing Alternative Relief on or about January 20, 2017. [ECF # 74].

9.      The Stipulation, which was a standstill agreement, provided that the State Court lawsuit would proceed without interference from Creditors. Any recovery would be placed into Debtor's counsels trust account whereby the Court would adjudicate Creditors' secured claims. This provision survived bankruptcy. Because the potential amount of recovery was enough to pay Creditors in full, it was a potential waste of the parties' resources to have the Court adjudicate Creditors' Objection to Confirmation. Therefore, the parties agreed that discovery would be limited unless the Court forced the parties to trial by setting for an evidentiary hearing Creditors' Objection to Confirmation. At that time, the Stipulation clearly contemplates that Creditors' could take any other discovery including depositions.

10.     On February 6, 2017, the Court ratified the Stipulation by entering Agreed Order Approving and Ratifying Stipulation for Entry of an Order Granting in Part and Denying in Part Creditors' Motion for Stay Relief and Injunction and Providing Alternative Relief. [ECF # 75].

## HEARING ON APRIL 3, 2017

11.     At the hearing on April 3, 2017, the undersigned informed the Court that discovery needed to be taken, that all but basic discovery had been prohibited based on the Stay Relief Order until the Court set an evidentiary hearing on the matter, and requested that the Motion to Extend Time to Dischargeability should be extended. Transcript 4/3/2017 at pgs. 4-6. Ms. Johnson, Esq., in her response, argued that the litigation concluded in January and that the Motion for Extension of Time to Object to Dischargeability should not be granted. Transcript 4/3/2017 at pgs. 7-8. It

was clearly contemplated by the parties and the Trustee that discovery regarding the pending issues would commence.  Transcript at pgs. 7-9.

## CREDITORS' ATTEMPTS TO SET DEPOSITIONS

12.    On April 17, 2017, the undersigned's legal assistant, Patrica Mouton, sent an email to Mr. Breuer, Esq., requesting deposition dates.  A copy of the email is attached as Exhibit "A". Mr. Breuer, Esq., refused to respond.  On May 1, 2017, Mr. Breuer, Esq., acknowledged that he intentionally refused to respond to the request for deposition dates.  A copy of the email is attached as Exhibit "B".

13.    On April 20, 2017, the undersigned set the depositions for the Debtor, Kuzina and Luxury, LLC.

14.    On April 25, 2017, there was a series of e-mail exchanges between the undersigned, Yanique Johnson, Esq., and John Moffa, Esq., Those emails are attached as composite Exhibit "C".  The undersigned was told that the Debtor was unavailable for his deposition as he was out of town.  The undersigned repeatedly asked for additional dates and those requests were repeatedly rejected.

## THERE WAS NO PRIOR AGREEMENT BY CREDITORS TO WITHDRAW THEIR OBJECTION TO CONFIRMATION

15.    On May 1, 2017, the undersigned received the Breuer e-mail, see Exhibit "B".  Mr. Breuer, Esq. now asserted that based upon a prior e-mail he sent to the undersigned the Creditors had agreed to withdraw their Objection to Confirmation.

16.    In the experience of the undersigned, it is common for confirmation hearings to be continued (or rolled) until the next confirmation hearing when there are outstanding issues.  If counsel for the parties are cooperating with one another, one side, usually the Debtor, will

announce that the confirmation hearing is being rolled until the following calendar.

17.    Mr. Breuer, Esq. attaches an e-mail from February 3, 2017, to his Motion for Protective Order.  See [ECF #94-1].   There was a telephone conference between Mr. Breuer, Esq. and the undersigned.  Mr. Breuer, Esq. wanted to present an offer from his client to settle the case. The undersigned did not have settlement authority and suggested to Mr. Breuer, Esq. that he put the settlement offer in an e-mail so the undersigned could send the offer to both of the undersigned's clients.  The offer was not accepted by Creditors.  In the second e-mail, that Mr. Breuer, Esq., sent at 4:41 p.m. he states, "PS – I related your request regarding Monday (roll confirmation for 30 days, we do not oppose, so the AO can be entered and you can withdraw your objection) to Yanique."  The undersigned never agreed to withdraw the Objection to Confirmation. The undersigned did not have authority to agree to withdraw the Objection to Confirmation.  The e-mail does not affirmatively state that there was an agreement to withdraw the Objection to Confirmation, because there was no such agreement.  Mr. Breuer, Esq.'s additional superfluous language does not prove the existence of a non-existent agreement.

18.    In short, Creditors never agreed to withdraw their Objection to Confirmation.

### THE AGREEMENT ADVANCED BY MR. BREUER, ESQ. IS UNENFORCEABLE

19.    The undersigned counsel did not agree to withdraw the Objection to Confirmation. Even if this Court found that such a conversation did occur, the purported agreement is still unenforceable as the undersigned counsel did not have the authority to settle the case.

20.    The first part of the e-mail by Mr. Breuer, Esq. makes clear that he was proposing a settlement to the Creditors through the undersigned counsel.  The undersigned made it clear to Mr. Breuer, Esq. that the undersigned would forward the offer to the Creditors.  This clearly indicated that the undersigned had authority to negotiate settlement terms, but not to enter into a

settlement.

21.     As stated in <u>Ponce v. U-Haul Co. of Florida</u>, 979 So. 2d 380, 382 (Fla. 4th DCA 2008), the law in Florida is that the mere employment of an attorney does not give the attorney authority to compromise the clients' cause of action.  Absent an emergency, the clients must give clear and unequivocal authority to enter to such an agreement.  Id. (citations omitted).  Absent a clear and unequivocal authority, the settlement is unauthorized, and unless subsequently ratified by his client, is of no effect and may be repudiated or ignored and treated as a nullity by the client. Id. (citations omitted).

22.     In this case, an agreement to withdraw an Objection to Confirmation is a compromise of Creditor's cause of action.  The undersigned was not authorized to enter into such an agreement.  The purported agreement was not an emergency and was not subsequently ratified by Creditors.  Therefore, hypothetically if an agreement was made, it is not enforceable against Creditors.

**DEBTOR'S ARGUMENT THAT THE DEPOSITIONS WERE UNTIMELY WERE ALREADY ADDRESSED AND REJECTED BY THIS COURT**

23.     Clearly the parties entered into the Stay Relief Order which prohibited full discovery until the Court set an evidentiary hearing on the Objection to Confirmation.  Debtor argued that despite the Stay Relief Order, discovery should have been completed.  This argument was contrary to the Stay Relief Order and was rejected by the Court.

24.     The Debtor continues to argue simultaneously that the Creditors are not entitled to discovery based upon the Stay Relief Order and that they are not entitled to discovery based upon a delay in taking the discovery.

25.     The argument should be rejected again by this Court.   Clearly, the parties

anticipated that after the April 3, 2017 hearing discovery would commence even though the Court had not technically set the matter for an evidentiary hearing. The purpose of the prohibition on taking discovery, resolution of the State Court lawsuit, had ended. The case needs to come to conclusion and the discovery should be taken.

## THE EXAMINATION SHOULD BE UNDER RULE 7030 RATHER THAN 2004

26.     Creditors have no objection to re-notice the depositions under Rule 7030 rather than Rule 2004. The issue was not raised by Mr. Breuer, Esq., or anyone in his firm, until the filing of the Motion for Protective Order. However, the documents requested and the nature of the inquiry, based upon the grounds set forth in the Objection to Confirmation, would not change whether the examination is taken under Rule 7030 or Rule 2004.

27.     In the alternative, Creditors request that the Court authorize the examination to be taken under Rule 2004. Rule 9014 makes Rule 7030 applicable "unless the court directs otherwise.' The purpose of the request is to determine the finances of the Debtor and whether Debtor is engaged, with his girlfriend, in a pattern of conduct designed to deceive Creditors and the Trustee.

## CREDITORS' CONCEDE THAT THE SUBPOENA FORM WAS NOT ATTACHED TO THE RULE 2004 EXAMINATION NOTICE

28.     The Rule 2004 Examination Notice and the Subpoena request the same documents, but the subpoena form was not attached in error. Again, this was not a matter brought up by Mr. Breuer, Esq. until the filing of the Motion for Protective Order. If Mr. Breuer, Esq. would have raised the issue, then the undersigned would have amended the notice with the subpoena form attached.

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent in the manner stated this 4th day of May 2017, to all parties enumerated below.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

> FURR COHEN
> *Attorneys for Creditors*
> 2255 Glades Road, Suite 337W
> Boca Raton, FL 33431
> Telephone: (561) 395-0500
> Facsimile: (561) 338-7532
>
> BY:____/s/ Alan R. Crane_____
> Alan R. Crane
> Florida Bar No.: 0963836
> E-Mail:acrane@furrcohen.com

**VIA ECF:**

- Stephen C Breuer    stephen@moffa.law, atty_ellison@trustesolutions.com,allusers@moffa.law,ecf@moffa.law,stephen@ecf.court drive.com
- Alan R Crane    acrane@furrcohen.com, pmouton@furrcohen.com;atty_furrcohen@bluestylus.com
- Maureen Donlan    maureen.donlan@usdoj.gov, shannon.patterson@usdoj.gov;Milton.pacheco@usdoj.gov
- Yanique A Johnson    yanique@moffa.law, atty_ellison@trustesolutions.com,allusers@moffa.law,ecf@moffa.law,yanique@ecf.cour tdrive.com
- John A. Moffa    john@moffa.law, atty_ellison@trustesolutions.com,allusers@moffa.law,ecf@moffa.law,johnm@ecf.courtd rive.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Robin R Weiner    ecf@ch13weiner.com;ecf2@ch13weiner.com

**Alan Crane**

---

**From:** Patricia Mouton
**Sent:** Monday, April 17, 2017 11:09 AM
**To:** Stephen Breuer
**Cc:** Alan Crane
**Subject:** Daniel Pansky/16-18261

**Importance:** High

Dear Mr. Breuer:  We represent Barry S. Franklin and Phillips Lanier in the above case.   We intend to take the examinations of the Debtor, the debtor's girlfriend Maria Kuzina, and Miami Luxury RE LLC.  We will need one day to take all three depositions.  Mr. Crane is available on the following dates:

Monday, April 24, 2017; Thursday, April 27, 2017; Wednesday, May 3, 2017.

Please get back to me ASAP with your availability.  Thank you.



Patricia A. Mouton
Paralegal to Charles I. Cohen, Esq. and Alan R. Crane, Esq.
FURR COHEN
2255 Glades Road, Suite 337W
Boca Raton, FL  33431
Telephone:  (561) 395-0500
Facsimile:  (561) 338-7532
E-mail:  pmouton@furrcohen.com

1

EXHIBIT A

**Alan Crane**

| | |
|---|---|
| **From:** | Stephen Breuer <stephen@moffa.law> |
| **Sent:** | Monday, May 01, 2017 3:06 PM |
| **To:** | Alan Crane |
| **Cc:** | Yanique Johnson; John A. Moffa; Patricia Mouton |
| **Subject:** | RE: Pansky  CONFIDENTIAL SETTLEMENT DISCUSSIONS |

Alan,

Your recitation of the agreement between our clients below is incorrect.  You were correct that I never responded to a request for 2004 examination dates, as my client bargained for his right (and his significant other's) not to have to sit for one and your client is clearly not entitled to such.  But more importantly, the agreement was not in place to allow the Rapid Realty state court litigation to go forward (that was never stayed and was not stopping), but was a global resolution of all issues between the parties.  I am sure you recall, as do I, that we were literally negotiating the final points (on DISCOVERY) after we were on the record, and I was texting my client, where we announced the agreement to Judge Ray.  Your client agreed that it could not take any discovery except (i) requests for production of documents, and (ii) interrogatories; and only from Daniel and Maria.  Your client was not allowed to push for or request an evidentiary hearing, but if one was set by the Court then the limitation was off.  Since we had a settlement at that time, the case was supposed to have been confirmed.  Your client now seems dissatisfied with the agreement it signed (and had the Court enter an Order upon) when the RRI litigation was not successful, as both of our clients thought the case had value.

If you check your contemporaneous time records (I have), you will recall that you and I had a phone call on February 3, 2017, where you asked to continue the confirmation hearing *one more time* only because, although the stipulation had been signed and the agreed order had been submitted to the Court, the AO had not yet been entered.  That call was on a Friday in advance of a Monday confirmation hearing.  Your request was reasonable, and I agreed that it could be rolled one more time until the Agreed Order was entered.  In addition, if you check your emails (again, I have), I sent you a follow up email later that day memorializing our discussion, and that I had relayed our discussion to Yanique, who would be in court on Monday.  Specifically, that email to you states:

"I relayed your request regarding Monday (roll confirmation for 30 days, we do not oppose, so the AO can be entered and you can withdraw your objection) to Yanique".

I also have an intraoffice email from the same date where I discussed the substance of our call and your request to continue once more so the Agreed Order could be entered at which point you would withdraw your objection.

Now you seem to be working an end run around the settlement agreement which was bargained at arms-length, and my client does not agree to waive his (and his significant other's) rights.  Nonetheless, my client wants to move this case forward and recognizes that your client has rights under the agreement.  Pursuant to that agreement, and in an effort to resolve the current dispute, my client proposes the following:

1. You withdraw the notices of examination, or cancel the examinations currently set;
2. Per the agreement, you can propound interrogatories (under 7033) and requests for documents (under 7034), to both Daniel and Maria, to which they will cooperate in responding and completing; and
3. We will agree to roll confirmation to the next regular confirmation calendar, pending your receipt of the interrogatories and documents.

Please let me know, otherwise I will file a motion for protective order and motion to compel compliance with the agreement.  Thanks Alan.


EXHIBIT 6

Kind regards,

Stephen



MOFFA &
BREUER, PLLC

STEPHEN C. BREUER, Esq. | Member
1776 North Pine Island Road, Suite 102
Plantation, FL 33322-5223
Telephone:  954.634.4733
Facsimile:  954.337.0637
Email: stephen@moffa.law
Website:  www.moffa.law

*************************************************************************************************************

Disclaimer(s): This transmission is intended to be delivered only to the named addressee(s) and may contain information that is confidential, proprietary, attorney work-pro
client privileged. If this information is received by anyone other than the named addressee(s), the recipient should immediately notify the sender by E-MAIL, and eliminat
original message. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the ex
sender or the named addressee(s). The contents of this message may include information which is sent for settlement purposes and shall be treated accordingly.  Add
our practice also involves the collection of debt.  Any information provided may be used for that purpose.

**From:** John A. Moffa
**Sent:** Friday, April 28, 2017 2:16 PM
**To:** Alan Crane; Stephen Breuer
**Cc:** Yanique Johnson
**Subject:** RE: Pansky CONFIDENTIAL SETTLEMENT DISCUSSIONS

PROVIDED AS SETTLEMENT DISCUSSIONS
Alan:

      I understand your position regarding something said in open Court, but the written Order only allows discovery after a certain occurrence, which has not yet happened.  The Trustee has been pushing for this the last couple of months anyway.

      Therefore, my suggestion is that you get this teed up for an evidentiary hearing and we will be more than happy to work with you to schedule anything you are entitled to at that time.

      I think asking for "proof" of the scheduling of being out of the area is ridiculous since you set this on your own without any waiver of the terms of the Order.  Yes, discovery is expected at some point, but there is still a binding Order.

      My suggestion is that your clients work toward an amicable resolution of this relatively minor matter. I am willing to stipulate that the Court set an evidentiary hearing on confirmation.  I suggest a discovery Order on the evidentiary hearing which will resolve the timing of these matters.

      In addition, you have a hearing on your request for an extension of Dischargeability set for May 8, 2017.  That may be the perfect time to have the Court set the evidentiary hearing on Confirmation and a discovery Order.  While we cannot agree to the extension, the Court will likely grant it unless we have a compelling argument and perhaps even if we do have a compelling argument.

      If I have to file a Motion for Protective Order, my incentive to cooperate in the future (in this case only) will be much less.

Stephen will be handling the contested confirmation and is out of the country for two weeks beginning on May 6, 2017.



**MOFFA &**
**BREUER, PLLC**

JOHN A. MOFFA/ MANAGING MEMBER
Board Certified  in Business Bankruptcy*
Board Certified  in Consumer Bankruptcy*
1776 North Pine Island Road, Suite 102
Plantation, FL 33322-5223
Telephone:  954.634.4733
Direct: 954-607-3229
Facsimile: 954.337.0637
Email:John@Moffa.Law
Website:  www.Moffa.Law
**\* By the American Board of Certification**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Disclaimer(s): This transmission is intended to be delivered only to the named addressee(s) and may contain information that is confidential, proprietary, attorney work-pro
anyone other than the named addressee(s), the recipient should immediately notify the sender by E-MAIL, and eliminate and/or discard the original message. In no event sh
anyone other than the named addressee(s), except with the express consent of the sender or the named addressee(s). The contents of this message may include informatio
accordingly.  Additionally, a portion of our practice also involves the collection of debt.  Any information provided may be used for that purpose.

**From:** Alan Crane [mailto:acrane@furrcohen.com]
**Sent:** Thursday, April 27, 2017 3:45 PM
**To:** John A. Moffa
**Cc:** Yanique Johnson
**Subject:** RE: Pansky

John

I have attached the Agreed Order for your reference.  The agreement was put into place to allows the state court
proceeding to move forward.  If the state court had resolved favorably, the issues of confirmation and dischargeability
could have easily been resolved.  Unfortunately, for everyone involved, the state court litigation went against your
client.  The only issues remaining are the objection to confirmation and, possible objection to dischargability.  This was
discussed during the last hearing on this matter with the understanding that there would now be discovery taken and
the confirmation hearing set for a contested hearing.

I honored my clients' commitment to the order and refrained from all discovery requests while the state court litigation
was proceeding.  It is now time to bring the objection to confirmation to conclusion.  I am entitled to discovery at this
time as was discussed in open court.

My office contact Stephen to coordinate deposition dates.  He did not respond, so I sent out three deposition
notices.  Yanique informed me that your client was not available for his deposition because he will be out of town.  He
also would not consent to the extension of the deadline.  Now you are suggesting, that I cannot take the deposition.  I
addressed this issue with Yanique in our phone call.

I offered the following solutions:

1) Your client could propose a new date near the date of the current deposition (1-7 days would be acceptable);
2) Your client could provide me with proof that he had a pre-planned trip set before my email to Stephen; or
3) Your client could provide dates longer than 1-7 days away from the current deposition date, not provide me
   with proof of the pre-planned trip, but agree to the extension of the dischargeabity deadline.

3

I am putting this in writing, so that there is no misunderstanding of the options that I am proposing.  If you would like to set the contested confirmation hearing time before discovery is completed, then we can coordinate a contested hearing date to take place after proposed deposition dates are in place.   Personally, I think that the discovery should be completed first.  At this time, I have no alternative deposition dates from your office.

If none of the above are acceptable and you are not proposing a reasonable alternative, then please file the motion for protective order and we can address the matter with the judge.


Sincerely,



Alan R. Crane
Attorney At Law
Furr Cohen
2255 Glades Road, Suite 337W
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532
Email: ACrane@furrcohen.com


**From:** John A. Moffa [mailto:john@moffa.law]
**Sent:** Thursday, April 27, 2017 2:21 PM
**To:** Alan Crane <acrane@furrcohen.com>
**Cc:** Yanique Johnson <yanique@moffa.law>
**Subject:** Pansky

Alan:
      My understanding is that there is an agreement wherein your client is not supposed to be able to have discovery except in certain circumstances which are not currently present.
      Therefore, your three "alternatives" are not acceptable to me.  I intend to file a Motion for Protective Order based mostly on the Agreement in place and only partly based upon non-availability of the Debtor.  We intend to honor the Agreement and hope you will do likewise.
      This does not seem to be a fight we should have, but given the "options" you've given me are unacceptable, we will proceed as indicated above.  I have not read the Agreement, but I'm not sure why abiding by an agreement should be so difficult.



**MOFFA &**
**BREUER, PLLC**

JOHN A. MOFFA/ MANAGING MEMBER
Board Certified  in Business Bankruptcy*
Board Certified  in Consumer Bankruptcy*
1776 North Pine Island Road, Suite 102
Plantation, FL 33322-5223
Telephone:  954.634.4733
Direct: 954-607-3229
Facsimile: 954.337.0637
Email:John@Moffa.Law
Website:  www.Moffa.Law
**\* By the American Board of Certification**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Disclaimer(s): This transmission is intended to be delivered only to the named addressee(s) and may contain information that is confidential, proprietary, attorney work-pro
anyone other than the named addressee(s), the recipient should immediately notify the sender by E-MAIL, and eliminate and/or discard the original message. In no event sh
anyone other than the named addressee(s), except with the express consent of the sender or the named addressee(s). The contents of this message may include informatio
accordingly.  Additionally, a portion of our practice also involves the collection of debt.  Any information provided may be used for that purpose.

## Alan Crane

| | |
|---|---|
| **From:** | Yanique Johnson <yanique@moffa.law> |
| **Sent:** | Tuesday, April 25, 2017 12:51 PM |
| **To:** | Alan Crane; Stephen Breuer |
| **Cc:** | Patricia Mouton |
| **Subject:** | RE: Pansky |

Alan,

I have heard back from the Debtor and I do not have the authority to consent to the 30 days extension. Also, were the dates for the 2004 unilaterally chosen? I did not see an email and the debtor is out of town at that time.

Thanks Alan.

Yanique

**From:** Alan Crane [mailto:acrane@furrcohen.com]
**Sent:** Monday, April 24, 2017 11:02 AM
**To:** Stephen Breuer; Yanique Johnson
**Cc:** Patricia Mouton
**Subject:** Pansky

Stephen and Yanique

Do you have an objection to the extension of time to object to dischargeability for 30 days? The current Rule 2004 Examination is set for May 3, 2017.

Please let me know by 2:00 p.m. today please. I am following up on a prior email from my legal assistant.

Alan

Sincerely,



Alan R. Crane
Attorney At Law
Furr Cohen
2255 Glades Road, Suite 337W
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532
Email: ACrane@furrcohen.com



## Alan Crane

| | |
|---|---|
| **From:** | Alan Crane |
| **Sent:** | Tuesday, April 25, 2017 1:04 PM |
| **To:** | 'Yanique Johnson'; Stephen Breuer |
| **Cc:** | Patricia Mouton |
| **Subject:** | RE: Pansky |

On April 17, 2017, my assistant, Patricia Mouton, sent Mr. Breuer an email offering deposition dates.    I waited until April 20, 2017 for a response, but Mr. Breuer failed to respond to the request.  Therefore, I set the depositions on April 20, 2017.  Now, on April 25, 2017, I am hearing for the first time that your client is not available.  Further, your client is unwilling to extend the dates for the objection to dischargeability.

I will continue the depositions provided that we can agree to a new deposition date and an extension of time.  Please also provide proof that your client made travel plans before the deposition was set.   Otherwise, you will need to file a motion for protective order.

Please call me if you would like to discuss further.


Sincerely,



Alan R. Crane
Attorney At Law
Furr Cohen
2255 Glades Road, Suite 337W
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532
Email: ACrane@furrcohen.com


**From:** Yanique Johnson [mailto:yanique@moffa.law]
**Sent:** Tuesday, April 25, 2017 12:51 PM
**To:** Alan Crane <acrane@furrcohen.com>; Stephen Breuer <stephen@moffa.law>
**Cc:** Patricia Mouton <pmouton@furrcohen.com>
**Subject:** RE: Pansky

Alan,

I have heard back from the Debtor and I do not have the authority to consent to the 30 days extension. Also, were the dates for the 2004 unilaterally chosen? I did not see an email and the debtor is out of town at that time.

Thanks Alan.

Yanique

1

**From:** Alan Crane [mailto:acrane@furrcohen.com]
**Sent:** Monday, April 24, 2017 11:02 AM
**To:** Stephen Breuer; Yanique Johnson
**Cc:** Patricia Mouton
**Subject:** Pansky

Stephen and Yanique

Do you have an objection to the extension of time to object to dischargeability for 30 days?  The current Rule 2004 Examination is set for May 3, 2017.

Please let me know by 2:00 p.m. today please.  I am following up on a prior email from my legal assistant.

Alan

Sincerely,

 FurrCohen
ATTORNEYS AT LAW

Alan R. Crane
Attorney At Law
Furr Cohen
2255 Glades Road, Suite 337W
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532
Email: ACrane@furrcohen.com

**Alan Crane**

| | |
|---|---|
| **From:** | John A. Moffa <john@moffa.law> |
| **Sent:** | Thursday, April 27, 2017 2:21 PM |
| **To:** | Alan Crane |
| **Cc:** | Yanique Johnson |
| **Subject:** | Pansky |

Alan:

My understanding is that there is an agreement wherein your client is not supposed to be able to have discovery except in certain circumstances which are not currently present.

Therefore, your three "alternatives" are not acceptable to me. I intend to file a Motion for Protective Order based mostly on the Agreement in place and only partly based upon non-availability of the Debtor. We intend to honor the Agreement and hope you will do likewise.

This does not seem to be a fight we should have, but given the "options" you've given me are unacceptable, we will proceed as indicated above. I have not read the Agreement, but I'm not sure why abiding by an agreement should be so difficult.



MOFFA &
BREUER, PLLC

JOHN A. MOFFA/ MANAGING MEMBER
Board Certified in Business Bankruptcy*
Board Certified in Consumer Bankruptcy*
1776 North Pine Island Road, Suite 102
Plantation, FL 33322-5223
Telephone: 954.634.4733
Direct: 954-607-3229
Facsimile: 954.337.0637
Email:John@Moffa.Law
Website: www.Moffa.Law
**\* By the American Board of Certification**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Disclaimer(s): This transmission is intended to be delivered only to the named addressee(s) and may contain information that is confidential, proprietary, attorney work-pro
anyone other than the named addressee(s), the recipient should immediately notify the sender by E-MAIL, and eliminate and/or discard the original message. In no event sh
anyone other than the named addressee(s), except with the express consent of the sender or the named addressee(s). The contents of this message may include informatio
accordingly. Additionally, a portion of our practice also involves the collection of debt. Any information provided may be used for that purpose.

## Alan Crane

| | |
|---|---|
| **From:** | Alan Crane |
| **Sent:** | Thursday, April 27, 2017 3:45 PM |
| **To:** | 'John A. Moffa' |
| **Cc:** | Yanique Johnson |
| **Subject:** | RE: Pansky |
| **Attachments:** | Agreed Order re Motion for Relief ECF 75.pdf |

John

I have attached the Agreed Order for your reference. The agreement was put into place to allows the state court proceeding to move forward. If the state court had resolved favorably, the issues of confirmation and dischargeability could have easily been resolved. Unfortunately, for everyone involved, the state court litigation went against your client. The only issues remaining are the objection to confirmation and, possible objection to dischargability. This was discussed during the last hearing on this matter with the understanding that there would now be discovery taken and the confirmation hearing set for a contested hearing.

I honored my clients' commitment to the order and refrained from all discovery requests while the state court litigation was proceeding. It is now time to bring the objection to confirmation to conclusion. I am entitled to discovery at this time as was discussed in open court.

My office contact Stephen to coordinate deposition dates. He did not respond, so I sent out three deposition notices. Yanique informed me that your client was not available for his deposition because he will be out of town. He also would not consent to the extension of the deadline. Now you are suggesting, that I cannot take the deposition. I addressed this issue with Yanique in our phone call.

I offered the following solutions:

1) Your client could propose a new date near the date of the current deposition (1-7 days would be acceptable);
2) Your client could provide me with proof that he had a pre-planned trip set before my email to Stephen; or
3) Your client could provide dates longer than 1-7 days away from the current deposition date, not provide me with proof of the pre-planned trip, but agree to the extension of the dischargeabity deadline.

I am putting this in writing, so that there is no misunderstanding of the options that I am proposing. If you would like to set the contested confirmation hearing time before discovery is completed, then we can coordinate a contested hearing date to take place after proposed deposition dates are in place. Personally, I think that the discovery should be completed first. At this time, I have no alternative deposition dates from your office.

If none of the above are acceptable and you are not proposing a reasonable alternative, then please file the motion for protective order and we can address the matter with the judge.

Sincerely,



Alan R. Crane
Attorney At Law

1

Furr Cohen
2255 Glades Road, Suite 337W
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532
Email: ACrane@furrcohen.com

**From:** John A. Moffa [mailto:john@moffa.law]
**Sent:** Thursday, April 27, 2017 2:21 PM
**To:** Alan Crane <acrane@furrcohen.com>
**Cc:** Yanique Johnson <yanique@moffa.law>
**Subject:** Pansky

Alan:

My understanding is that there is an agreement wherein your client is not supposed to be able to have discovery except in certain circumstances which are not currently present.

Therefore, your three "alternatives" are not acceptable to me. I intend to file a Motion for Protective Order based mostly on the Agreement in place and only partly based upon non-availability of the Debtor. We intend to honor the Agreement and hope you will do likewise.

This does not seem to be a fight we should have, but given the "options" you've given me are unacceptable, we will proceed as indicated above. I have not read the Agreement, but I'm not sure why abiding by an agreement should be so difficult.



MOFFA &
BREUER, PLLC

JOHN A. MOFFA/ MANAGING MEMBER
Board Certified in Business Bankruptcy*
Board Certified in Consumer Bankruptcy*
1776 North Pine Island Road, Suite 102
Plantation, FL 33322-5223
Telephone:  954.634.4733
Direct: 954-607-3229
Facsimile: 954.337.0637
Email:John@Moffa.Law
Website: www.Moffa.Law
**\* By the American Board of Certification**

*********************************************************************************************************************
Disclaimer(s): This transmission is intended to be delivered only to the named addressee(s) and may contain information that is confidential, proprietary, attorney work-pro anyone other than the named addressee(s), the recipient should immediately notify the sender by E-MAIL, and eliminate and/or discard the original message. In no event sh anyone other than the named addressee(s), except with the express consent of the sender or the named addressee(s). The contents of this message may include informatio accordingly. Additionally, a portion of our practice also involves the collection of debt. Any information provided may be used for that purpose.

**Alan Crane**

| | |
|---|---|
| **From:** | John A. Moffa <john@moffa.law> |
| **Sent:** | Friday, April 28, 2017 2:16 PM |
| **To:** | Alan Crane; Stephen Breuer |
| **Cc:** | Yanique Johnson |
| **Subject:** | RE: Pansky  CONFIDENTIAL SETTLEMENT DISCUSSIONS |

PROVIDED AS SETTLEMENT DISCUSSIONS

Alan:

I understand your position regarding something said in open Court, but the written Order only allows discovery after a certain occurrence, which has not yet happened.  The Trustee has been pushing for this the last couple of months anyway.

Therefore, my suggestion is that you get this teed up for an evidentiary hearing and we will be more than happy to work with you to schedule anything you are entitled to at that time.

I think asking for "proof" of the scheduling of being out of the area is ridiculous since you set this on your own without any waiver of the terms of the Order.  Yes, discovery is expected at some point, but there is still a binding Order.

My suggestion is that your clients work toward an amicable resolution of this relatively minor matter. I am willing to stipulate that the Court set an evidentiary hearing on confirmation.  I suggest a discovery Order on the evidentiary hearing which will resolve the timing of these matters.

In addition, you have a hearing on your request for an extension of Dischargeability set for May 8, 2017.  That may be the perfect time to have the Court set the evidentiary hearing on Confirmation and a discovery Order.  While we cannot agree to the extension, the Court will likely grant it unless we have a compelling argument and perhaps even if we do have a compelling argument.

If I have to file a Motion for Protective Order, my incentive to cooperate in the future (in this case only) will be much less.

Stephen will be handling the contested confirmation and is out of the country for two weeks beginning on May 6, 2017.



MOFFA &
BREUER, PLLC

JOHN A. MOFFA/ MANAGING MEMBER
Board Certified  in Business Bankruptcy*
Board Certified  in Consumer Bankruptcy*
1776 North Pine Island Road, Suite 102
Plantation, FL 33322-5223
Telephone:  954.634.4733
Direct:  954-607-3229
Facsimile: 954.337.0637
Email:John@Moffa.Law
Website:  www.Moffa.Law
**\* By the American Board of Certification**

1

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Disclaimer(s): This transmission is intended to be delivered only to the named addressee(s) and may contain information that is confidential, proprietary, attorney work-pro
anyone other than the named addressee(s), the recipient should immediately notify the sender by E-MAIL, and eliminate and/or discard the original message. In no event sh
anyone other than the named addressee(s), except with the express consent of the sender or the named addressee(s). The contents of this message may include informatio
accordingly.  Additionally, a portion of our practice also involves the collection of debt.  Any information provided may be used for that purpose.

**From:** Alan Crane [mailto:acrane@furrcohen.com]
**Sent:** Thursday, April 27, 2017 3:45 PM
**To:** John A. Moffa
**Cc:** Yanique Johnson
**Subject:** RE: Pansky

John

I have attached the Agreed Order for your reference.  The agreement was put into place to allows the state court
proceeding to move forward.  If the state court had resolved favorably, the issues of confirmation and dischargeability
could have easily been resolved.  Unfortunately, for everyone involved, the state court litigation went against your
client.   The only issues remaining are the objection to confirmation and, possible objection to dischargability.  This was
discussed during the last hearing on this matter with the understanding that there would now be discovery taken and
the confirmation hearing set for a contested hearing.

I honored my clients' commitment to the order and refrained from all discovery requests while the state court litigation
was proceeding.  It is now time to bring the objection to confirmation to conclusion.  I am entitled to discovery at this
time as was discussed in open court.

My office contact Stephen to coordinate deposition dates.  He did not respond, so I sent out three deposition
notices.  Yanique informed me that your client was not available for his deposition because he will be out of town.  He
also would not consent to the extension of the deadline.  Now you are suggesting, that I cannot take the deposition.  I
addressed this issue with Yanique in our phone call.

I offered the following solutions:

1) Your client could propose a new date near the date of the current deposition (1-7 days would be acceptable);
2) Your client could provide me with proof that he had a pre-planned trip set before my email to Stephen; or
3) Your client could provide dates longer than 1-7 days away from the current deposition date, not provide me
   with proof of the pre-planned trip, but agree to the extension of the dischargeabity deadline.

I am putting this in writing, so that there is no misunderstanding of the options that I am proposing.  If you would like to
set the contested confirmation hearing time before discovery is completed, then we can coordinate a contested hearing
date to take place after proposed deposition dates are in place.   Personally, I think that the discovery should be
completed first.  At this time, I have no alternative deposition dates from your office.

If none of the above are acceptable and you are not proposing a reasonable alternative, then please file the motion for
protective order and we can address the matter with the judge.


Sincerely,



Alan R. Crane
Attorney At Law
Furr Cohen
2255 Glades Road, Suite 337W
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532
Email: ACrane@furrcohen.com

**From:** John A. Moffa [mailto:john@moffa.law]
**Sent:** Thursday, April 27, 2017 2:21 PM
**To:** Alan Crane <acrane@furrcohen.com>
**Cc:** Yanique Johnson <yanique@moffa.law>
**Subject:** Pansky

Alan:

My understanding is that there is an agreement wherein your client is not supposed to be able to have discovery except in certain circumstances which are not currently present.

Therefore, your three "alternatives" are not acceptable to me. I intend to file a Motion for Protective Order based mostly on the Agreement in place and only partly based upon non-availability of the Debtor. We intend to honor the Agreement and hope you will do likewise.

This does not seem to be a fight we should have, but given the "options" you've given me are unacceptable, we will proceed as indicated above. I have not read the Agreement, but I'm not sure why abiding by an agreement should be so difficult.



**MOFFA &
BREUER, PLLC**

JOHN A. MOFFA/ MANAGING MEMBER
Board Certified  in Business Bankruptcy*
Board Certified  in Consumer Bankruptcy*
1776 North Pine Island Road, Suite 102
Plantation, FL 33322-5223
Telephone:  954.634.4733
Direct:  954-607-3229
Facsimile:  954.337.0637
Email:John@Moffa.Law
Website:  www.Moffa.Law
**\* By the American Board of Certification**

**************************************************************************************************************
Disclaimer(s): This transmission is intended to be delivered only to the named addressee(s) and may contain information that is confidential, proprietary, attorney work-pro
anyone other than the named addressee(s), the recipient should immediately notify the sender by E-MAIL, and eliminate and/or discard the original message. In no event sh
anyone other than the named addressee(s), except with the express consent of the sender or the named addressee(s). The contents of this message may include informatio
accordingly.  Additionally, a portion of our practice also involves the collection of debt.  Any information provided may be used for that purpose.